JIMMIE HINDS, JR., V. THE STATE.

No. 15396.   Delivered November 16, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1041.

The opinion states the case.

*Ben L. King,* of Burnet, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to murder; punishment, two years in the penitentiary.

The facts in this case are sufficient to justify the jury's conclusion that appellant cut Marton Rusk, inflicting a wound across his stomach some eight inches in length, going through

the walls of the stomach. There appears to have been no evidence introduced on behalf of appellant. The only bill of exception found in the record complains of the introduction of a knife before the jury. The bill is qualified at length by the trial judge. The facts in testimony, as well as those recited in the qualification of the court, make apparent the fact that no error was committed in the introduction of the knife in evidence. There are no exceptions to the charge of the court, and no other complaints of procedure.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant contends that the evidence does not support a greater offense than aggravated assault. The evidence is to the effect that Marton Rusk, a youth nineteen years of age, was wounded by the appellant with a knife, the blade of which was about three inches long. According to the doctor, the wound was across the lower part of the abdomen. It was about eight inches in length and passed through into the hollow for a half or three-quarters of an inch. The attending physician stated that in the absence of infection the wound was not one likely to produce death. The knife was estimated to be about four or four and a half inches long, including the blade. One witness gave testimony that the blade was about three inches long. The knife blade was sharp and pointed.

The appellant did not testify, but his motive and intent were to be gathered by the jury from the evidence introduced before them.

The charge of the court is unexceptionable, giving to the accused the full benefit of the law applicable to the various grades of the offense. On the facts before us, this court would not be justified in holding that the jury was not authorized to determine that the knife as used was a deadly weapon, and that it was used in a manner such as to justify the jury in concluding that the intent was to kill.

The court having, in its charge, fairly and fully presented to the jury for solution all questions of fact which were raised by the evidence, including the issue of aggravated assault, and the jury having found that the appellant was not actuated by malice but that he used a deadly weapon with intent to kill Marton Rusk, this court finds itself unable to conceive of any tangible legal basis upon which to hold that the verdict rendered and approved by the trial judge was not authorized by

the facts and the law. We have been referred to no precedents supporting the appellant's theory and have perceived none. However, the number of cases upon the subject found in Vernon's Ann. Tex. P. C., 1916, vol. 1, p. 596, precludes any discussion of them in detail.

Upon the record before us, we are constrained to overrule the motion for rehearing, and it is so ordered.

*Overrruled.*